# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BROKEN VESSEL UNITED MISSIONARY FULL GOSPEL BAPTIST CHURCH,** | **CIVIL ACTION NO.:** _____ |
| Plaintiff, | |
| v. | **Removed from the Circuit Court of Jefferson County, Alabama** |
| **NATIONWIDE INSURANCE COMPANY,** | **CV-17-000099** |
| Defendant. | |

## NOTICE OF REMOVAL

COMES NOW the entity incorrectly described and identified in the plaintiff's Complaint as Nationwide Insurance Company ("Nationwide"), and pursuant to 28 U.S.C. §1446, respectfully gives notice of the removal of the above-styled matter from the Circuit Court of Jefferson County, Alabama to this Honorable Court. As set out below, removal is proper under 28 U.S.C. §1441 because this Court has jurisdiction under 28 U.S.C. §1332(a). Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings and orders served upon the removing defendants is attached as *Exhibit A*. The defendant is concurrently filing a copy of this Notice with the Clerk of the Circuit Court of Jefferson County,

Alabama in case number 01-CV-2017-000099.  The removal is proper and fully effectuated.

1.	Removal is Timely.

The plaintiff, Broken Vessel United Missionary Full Gospel Baptist Church ("Broken Vessel"), filed this action in the Circuit Court of Jefferson County, Alabama on March 24, 2017.  Nationwide was served on or about March 30, 2017.  This removal was filed within 30 days of service of the Summons and Complaint.

2.	The Action is Removable Based Upon Federal Diversity Jurisdiction.

This Honorable Court has jurisdiction under 28 U.S.C. §1332 because the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

a.	Complete Diversity of Citizenship Exists

Plaintiff, Broken Vessel, is a "legally organized church located at 4720 Court V, Birmingham, Alabama."  *See Complaint,* ¶1.  Its principal place of business is located in Birmingham, AL.  In the application for insurance made the basis of this action, however, the applicant and named insured identified on the application is "Donald Moulton DBA: Broken Vessel United Missionary Full Gospel Baptist Church."  Donald Moulton is a resident of Jefferson County, Alabama and intends to remain a citizen of Jefferson County, Alabama.  *See Exhibit B*, Commercial Insurance Application, p. 3.

Nationwide is a company organized and existing under the laws of the State of Ohio with its principal place of business in Columbus, Ohio. Both Donald Moulton and Broken Vessel United Missionary Full Gospel Baptist Church are diverse from Nationwide.

  b. The Amount in Controversy Exceeds $75,000.

Plaintiff is the named insured under a policy of commercial property insurance issued by Nationwide. Plaintiff filed this action alleging that Nationwide failed to properly pay a claim for fire damage to the insured premises. The plaintiff's Complaint asserts claims for bad faith and breach of contract and demands unspecified compensatory and punitive damages.

The jurisdictional amount prescribed in §1332 is met. Traditionally, the amount in controversy is gleaned from the damages clause of the complaint. When the plaintiff has not specified the amount of damages in the complaint, the removing defendant bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). Here, the plaintiff did not plead a specific amount of damages in the Complaint. However, a preponderance of the evidence shows that the jurisdictional amount is satisfied.

"'The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.'" *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). In *Pretka*, the Eleventh Circuit clarified that its decision in *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007), "did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible." *Id.* at 753. So, "while damages may not be determined by mere speculation or guess, it will be enough if the evidence shows the extent of the damages as a matter of just and reasonable inference." *Maiz v. Virani*, 253 F.2d 641, 664 (11th Cir. 2001). This Court may employ "its judicial experience [and] common sense in discerning whether the allegations in a complaint facially establish the jurisdictional required amount in controversy." *Roe v. Michelin N. Am.*, 613 F.3d 1058, 1063 (11th Cir. 2010).

The plaintiff states in its Complaint that "while Nationwide offered $293,000 as payment to satisfy Plaintiff's fire claims for property loss and damages, this amount is substantially under the value of the items and furnishings destroyed and will not make the plaintiff whole." *See* Complaint, ¶26. Further, the policy carries limits of $478,200 in structural coverage and $300,000 in personal property coverage. *See Exhibit C*, Declarations and Property Schedule. The

amount sought and the corresponding limits alone satisfy the amount in controversy requirements. However, the plaintiff alleges contractual and extra-contractual (bad faith) claims, the damages for which the plaintiff seeks are in addition to the damages sought for benefits under the policy.

This Court may employ "its judicial experience [and] common sense in discerning whether the allegations in a complaint facially establish the jurisdictional required amount in controversy." *Roe v. Michelin N. Am.*, 613 F.3d 1058, 1063 (11th Cir. 2010). Furthermore, utilizing "deduction, inference, or other extrapolation," it is a "just and reasonable inference" that the amount in controversy in this case exceeds $75,000. This reasonable inference can be extrapolated from the judgments and settlement amounts in recent, factually similar cases from this jurisdiction. *See Pretka*, 608 F.3d at 753. Alabama Courts have routinely affirmed verdicts in excess of $75,000.00 based upon allegations of "bad faith." *See Standard Plan, Inc. v. Tucker*, 582 So.2d 1024 (Ala. 1991) (affirming $500,000 verdict for punitive damages in a "bad faith" action); *Aetna Life Ins. Co. v. Lavoie*, 505 So.2d 1050 (Ala. 1987) (ordering remittitur of $3,500,000 verdict to $3,000,000); *United Ins. Co. of America v. Cope*, 630 So.2d 407 (Ala. 1993) (reversing and remanding jury verdict for $1,000,000 in compensatory damages and $3,000,000 in punitive damages in "bad faith" action).

The amount in controversy requirement is met.

a. All Properly Joined and Served Defendants Join in or Consent to Removal.

This removal is filed by the only defendant, Nationwide Mutual Insurance Company.

3. Removal is Proper.

Removal is proper under 28 U.S.C. §1441 because this Court has jurisdiction under 28 U.S.C. §1332. Complete diversity exists and the amount in controversy exceeds the Court's jurisdictional minimum. If any question arises as to the propriety of the removal of this action, the defendant respectfully requests the opportunity to brief and present oral argument in support of this removal. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the defendant's rights to assert any defense or affirmative matter including substantive and procedural defenses available.

4. Conclusion

Removal is proper under 28 U.S.C. §1441, because this Court has jurisdiction under 28 U.S.C. §1332. Complete diversity exists and the amount in controversy exceeds the jurisdictional minimum.

WHEREFORE, PREMISES CONSIDERED, Nationwide Mutual Insurance Company requests this Honorable Court consider this Notice of Removal as provided by law governing removal of cases to this Court; make the proper orders to achieve removal of this cause from the Circuit Court of Jefferson County,

Alabama, to this Court; and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in Circuit Court.

Respectfully submitted on this the 21st day of April, 2017.

/s/ John W Johnson II
John W Johnson II (ASB-1471-H69J)
Attorney for Defendant
Nationwide Mutual Insurance Company

**OF COUNSEL:**

**CHRISTIAN & SMALL LLP**
505 20th Street North
Suite 1800
Birmingham, AL 35203
Telephone:  (205) 795-6588
Facsimile:   (205) 328-7234
jwjohnson@csattorneys.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on **April 21, 2017** I have filed the above and foregoing pleading electronically with the Clerk of Court using the CM/ECF system which will send notification of same to all parties of record, and those not registered with the CM/ECF system have been served at their regular mailing address via U.S. Mail, postage prepaid.

    Felicia D. Harris-Daniels
    8444 5th Avenue South
    Birmingham, AL 35206
    mrsharrisdaniels@att.net
    *Attorney for Plaintiff*
    *Broken Vessel United*
    *Missionary Full Gospel*
    *Baptist Church*

    /s/ John W Johnson II
    OF COUNSEL